UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HACIENDA RECORDS, LP, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-19 |
| § | |
| RUBEN RAMOS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiffs/Counter-Defendants/Cross-Defendants Hacienda Records, L.P.; Hacienda Records and Recording Studio, Inc.; Latin American Entertainment, LLC; Richard "Rick" Garcia, and Roland Garcia, Sr.'s (collectively "Hacienda") Motion for Judgment on the Pleadings (D.E. 143), to which Defendants/Counter-Claimants Hugo Guerrero, Rene Serrata, Ruben Guanajuato, and Ruben Ramos (collectively "Claimants") have responded (D.E. 147). For the reasons set forth below, Hacienda's motion is **GRANTED IN PART**.

**I. Background**

This lawsuit is one of several recent disputes in the Southern District of Texas involving Hacienda and counsel for Claimants, David Showalter.[1] As Judge Lee H. Rosenthal recently observed in one such case, "both counsel for [Claimants] and counsel

---

1. *See Guzman v. Hacienda Records & Recording Studio, Inc.*, Civil Action No. 6:12-42 (S.D. Tex. – Victoria); *Tempest Publishing, Inc. v. Hacienda Records & Recording Studio, Inc.*, Civil Action No. 4:12-736 (S.D. Tex. – Houston); *Sanchez v. Hacienda Records & Recording Studio, Inc.*, Civil Action 4:11-3855 (S.D. Tex – Houston). *See also Guerrero v. Martinez*, Civil Action No. 4:11-1774 (S.D. Tex. – Houston); *Guajardo v. Freddie Records, Inc.*, Civil Action No. 4:10-2024 (S.D. Tex. – Houston); *Sanchez v. Freddie Records*, Civil Action No. 4:10-2995 (S.D. Tex. – Houston).

for Hacienda have more than the usual connection to their clients." *Sanchez v. Hacienda Records & Recording Studio, Inc.*, Civil Action 4:11-3855 (S.D. Tex – Houston), D.E. 114, p. 1. Showalter "has not only an attorney's financial interest but also an owner's interest in the alleged copyrights his clients . . . assert against Hacienda." *Id.* Meanwhile, counsel for Hacienda "is the son of Annie Garcia and Roland Garcia, Sr., and the nephew of Rick Garcia, the founders, owners, directors, and officers of Hacienda Records and its general partner, Latin American Entertainment, LLC." *Id.*, p. 2.

Giving rise to the action currently before this Court, on January 13, 2014, Claimants' attorney sent Hacienda a letter requesting: copies of contracts or agreements purportedly by and between Claimant Ramos and Hacienda with respect to certain songs recorded by Hacienda and sung by Ramos ("Ramos' Works"); documents reflecting the quantities of products manufactured and sold by Hacienda that embody Ramos' Works; any accountings owed to Ramos for the exploitation of his Works, and any payments owed to Ramos for the exploitation of his Works. The letter also requested that Hacienda immediately cease and desist from any unlicensed exploitations of Ramos' Works. On January 21, 2014, Hacienda Records filed the present declaratory judgment action against Ramos, seeking a declaration that: Hacienda owns the copyright to certain sound recordings; Ramos and his assigns have no copyright to the sound recordings; any copyright registrations by Ramos to the sound recordings are invalid, and Hacienda has not infringed on any copyright to the sound recordings.

Additional Defendants, Cross-Defendants, and Counter-Claimants were later joined, culminating in the filing by seven Claimants[2] of their Third Amended Counterclaim and Cross-Claim against Hacienda Records and related individuals/entities regarding numerous other songs (hereinafter "the Works") (D.E. 141). Claimants' causes of action included copyright infringement, violations of the Digital Millennium Copyright Act (DMCA), violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud/fraudulent inducement, breach of fiduciary duty, breach of contract, and breach of the duty of good faith and fair dealing. Claimants also sought their own declaratory judgment that: Claimants were the owners of all rights and copyrights in the Works; Hacienda was not entitled to possess or exploit the Works, and Claimants were entitled to an accounting for all revenue and profits from Hacienda for its exploitation of the Works. *Id.*

Hacienda Records voluntarily dismissed without prejudice its Second Amended Complaint (D.E. 68), but later revived its declaratory judgment claims in its Amended Answer to Third Amended Counterclaim and Cross-Claims and Hacienda's Counterclaim (D.E. 153). Upon Claimants' Motion for Voluntary Dismissal with Prejudice (D.E. 161), many of the claims asserted in their Third Amended Counterclaim and Cross-Claim were dismissed, resulting in only the following Claimants and claims: (1) Guanajuato's claims for copyright infringement and violation of the DMCA; (2) Guerrero, Serrata, and Ramos' claims for breach of contract, breach of the duty of good faith and fair dealing,

---

2. Ruben Ramos; Hugo Cesar Guerrero; Arnold Martinez, Individually and on Behalf of Gilbert Martinez Heirs; Leticia "Letty" Salcedo, Individually and on Behalf of the Estate of Jesus "Jesse" Salcedo; Arturo Rene Serrata; Adan Sanchez, and Ruben Guanajuato.

and attorney's fees under Texas law; (3) Guerrero and Serrata's breach of fiduciary duty claims; and (4) Guanajuato, Guerrero, Serrata, and Ramos' claims for a declaratory judgment "that Claimants are entitled to an accounting for all revenue and profits from [Hacienda's] exploitation of the Works." D.E. 166.

Hacienda now moves for judgment on the pleadings against all Claimants, asking the Court to dismiss Claimants' Third Amended Counterclaim and Cross-Claim.

**II. Legal Standard**

A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and judgment on the merits of the case can be determined by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). In considering a Rule 12(c) motion, the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The Court "must look only to the pleadings and accept all allegations contained therein as true." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 654 (5th Cir. 2012) (quoting *Brittan Communs. Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Id.* at 654–55 (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205 (5th Cir. 2007). Thus, the Court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp. 2d 734, 737–38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

### III. Analysis

Hacienda argues that Claimants have no standing to bring any of their claims because they assigned and transferred any and all rights related to the Works to their

attorney before filing their counterclaims against Hacienda. Between October 2010 and August 2012, Guanajuato, Guerrero, Serrata, and Ramos all executed with Showalter an Assignment and Power of Attorney, providing in pertinent part:

> In consideration of the services rendered and to be rendered, by our attorneys in the prosecution of our said claims for damages, we here and now *set over and assign to our attorneys a one-half undivided interest in our said cause of action and said interest in our Works* including copyrights and renewals thereof and any claims and causes of action in the Works as well as any and all property, money and the gross value of any benefit or consideration of any nature that is recovered in respect of the Works as well as royalties, BMI payments or revenue from any source.

4:10-CV-2024, D.E. 249-3, pp. 30–31(Guanajuato); p. 34 (Guerrero); p. 16 (Serrata); p. 41 (Ramos) (emphasis added). During that same timeframe, Guanajuato, Guerrero, and Serrata—but not Ramos—also executed a separate Special Power of Attorney providing for an irrevocable assignment to Showalter of the "exclusive right to enforce any legal rights in respect of the Works and administer any and all rights and revenue received or recovered as a result of the Works, whether as the result of litigation or otherwise . . . includ[ing] the exclusive right to negotiate, issue licenses, collect revenue and enforce rights in respect of the Works." *Id.*, pp. 32–33 (Guanajuato); pp. 35–36 (Guerrero); pp. 17–18 (Serrata).

The Court takes judicial notice of these documents, which were offered as evidence in Claimants' pending case before Judge Gray H. Miller in *Guajardo v. Freddie Records*, Civil Action No. 4:10-2024 (S.D. Tex. – Houston). In that case, Judge Miller adopted the magistrate's Memorandum & Recommendation (M&R) and ruled that

Claimants Guanajuato, Guerrero, and Serrata lacked standing to pursue their copyright and copyright-related claims based on these assignments. Magistrate Judge Frances H. Stacy's M&R reasoned:

> It is the assignment to Showalter of an undivided one-half interest in the Works at issue, *coupled with* the assignment to Showalter of an irrevocable, and exclusive right to enforce the rights in the Works at issue that affects the standing of Plaintiffs and makes Showalter an indispensable party to this case. That is because Showalter obtained, by assignment, both an interest in the works *for himself*, and an exclusive and irrevocable right to enforce, *for both himself and for Plaintiffs*, <u>any and all rights</u> related to the Works at issue. It may be that Showalter is pursuing claims for Plaintiffs as their attorney, but Showalter is also ostensibly pursuing claims *of his own*. And, under the terms of the Special Power of Attorney it is *only* Showalter who can bring such claims on behalf of [Claimants Guanajuato, Guerrero, and Serrata].

*Guajardo*, D.E. 307, p. 6 (emphasis in original); D.E. 336. As they did in the case before this Court, Guanajuato, Guerrero, and Serrata thereafter attempted to cure their lack of standing by executing documents purporting to clarify and/or modify the Special Power of Attorney. D.E. 98, pp. 2–7, 10–11. Judge Miller rejected this attempt, explaining that "standing is determined at the time of filing, and this court agrees with the magistrate judge that there was no standing at the time of filing." *Guajardo*, D.E. 331, p. 2 (citing *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir. 2005)). With respect to Ramos, who executed an Assignment and Power of Attorney but not a Special Power of Attorney, the court held that because there was no assignment of Ramos' right to enforce

his right in his Works, Showalter was not an indispensable party to the case, and Ramos had standing to bring his claims. *Guajardo*, D.E. 307, p. 12.

Citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284 (5th Cir. 1995), Hacienda argues that Claimants are collaterally estopped from asserting standing in this case based on Judge Miller's decision in *Guajardo*. Under the doctrine of collateral estoppel, "'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" 44 F.3d at 1290 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970), and citing Restatement (Second) of Judgments § 27). "Collateral estoppel depends on three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *Id.* (citing *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114 (5th Cir. 1993); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 & n.5 (1979)).

Because a final judgment has not yet been entered in *Guajardo*, the doctrine of collateral estoppel does not apply here. However, the Court nonetheless agrees with the reasoning and conclusions reached by Magistrate Stacy and Judge Miller in *Guajardo*.[3] Accordingly, the Court finds that Claimants Guanajuato, Guerrero, and Serrata lack

---

3. Claimants urge the Court to instead adopt Judge Lee H. Rosenthal's opinion in *Sanchez v. Hacienda Records & Recording Studio, Inc.*, Civil Action 4:11-3855 (S.D. Tex. – Houston, Mar. 17, 2015). In that case, claimant Sanchez signed a "Notice of Transfer" pursuant to 17 U.S.C. § 205(a) assigning "any and all rights in [certain] musical compositions and any and all copyrights in same" to Showalter before bringing suit. *Sanchez*, D.E. 88-9. The court found that Sanchez had standing to sue for breaches of a licensing agreement with Hacienda occurring before the Notice of Transfer's effective date, while Showalter had standing to sue for breaches occurring after that date. *Sanchez*, D.E. 114, p.11. In declining to follow the *Guajardo* decision, Judge Rosenthal noted that the district court had not yet adopted the magistrate's recommendation. *Id.*, p.11 n.3. Moreover, the *Sanchez* case did not involve a Special Power of Attorney, which was a deciding factor in *Guajardo*.

standing to pursue any claims set forth in their Third Amended Counterclaim against Hacienda, all of which are "related to the Works at issue" and therefore fall within the scope of the Assignment and Power of Attorney and Special Power of Attorney they executed with Showalter. The Court further finds that Ramos has standing to pursue his claims.

## IV. Conclusion

For the reasons set forth above, Hacienda's Motion for Judgment on the Pleadings (D.E. 143) is **GRANTED IN PART**, and Claimants Guanajuato, Guerrero, and Serrata's claims are **DISMISSED**. Hacienda's Motions for Summary Judgment against Guanajuato, Guerrero, and Serrata (D.E. 65, 66, 67) are further **DENIED as MOOT**.

ORDERED this 30th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE