Case 2:14-cv-00019   Document 182   Filed in TXSD on 01/05/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HACIENDA RECORDS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-19 |
| | § | |
| RUBEN RAMOS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Claimant Ruben Ramos' Motion to Alter or Amend Judgment (D.E. 180), whereby he moves the Court to reconsider its prior decision granting Plaintiffs/Counter-Defendants/Cross-Defendants Hacienda Records, L.P. ("Hacienda Records"); Latin America Entertainment, LLC; Rick Garcia; and Roland Garcia, Sr.'s (collectively "Hacienda") motion for summary judgment. For the reasons set forth below, Ramos' motion is **DENIED**.

**I. Background**

The factual and procedural history of this case is set forth at length in the Court's November 2, 2015 Memorandum Opinion & Order granting partial summary judgment in favor of Hacienda and dismissing Ramos' claims for breach of contract, breach of the duty of good faith and fair dealing, attorney's fees, and a declaratory judgment "that [Ramos] is entitled to an accounting for all revenues and profits from [Hacienda's] exploitation from the works." *Hacienda Records, LP v. Ramos*, 2015 WL 6680597 (S.D.

Tex. Nov. 2, 2015); D.E. 176. Ramos filed the presently-pending motion to alter or amend that Order on November 30, 2015.

## II. Legal Standard

The Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, in *T-M Vacuum Products*, the Southern District of Texas – Houston Division succinctly provided the legal standard applicable to such motions:

> A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued. *Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999). Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders.

*T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636, *2 (S.D. Tex. 2008). Accordingly, the Court will analyze Ramos' motion using the same criteria applicable to a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the

entry of the judgment or order." *T-M Vacuum Products, Inc.*, 2008 WL 2785636, at *2 (citing 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2810.1 at 127–28 (2d ed. 1995) (footnotes omitted)); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003).

**III. Analysis**

Ramos claims the Court committed manifest legal error by: (1) depriving him of the right to receive an accounting for royalties under the 1985 and 1987 Agreements after "endorsing and approving" the contracts' validity and determining that the contracts are enforceable; (2) relying on his rescission of the 1985 and 1987 Agreements to deny his breach of contract claim; and (3) finding that his breach of contract claim was time barred. The Court will consider each argument in turn.

> **1. The Court erred in depriving Ramos of the right to receive an accounting for royalties under the 1985 and 1987 Agreements after "endorsing and approving" the contracts' validity and determining that the contracts are enforceable.**

As an initial matter, the Court never endorsed, approved, or otherwise found that the purported 1987 Agreement was a valid contract. Instead, the Court explicitly found that "based on the evidence presented . . . there was no contract executed between Ramos and Hacienda in 1987." Order, D.E. 176, p. 10. The Court declined to rule on the validity of the 1985 Agreement, but merely "assum[ed] the 1985 Agreement is a valid and enforceable contract" for purposes of analyzing Ramos' breach of contract claim. *Id.*, p. 11.

As set forth in the Court's Order, Ramos' declaratory judgment claim for an accounting for royalties was dismissed because it arose under his copyright ownership claim, which he had since dismissed. "As such, Ramos is not entitled to an accounting because he has no claims for ownership related to any copyrights." Order, pp. 18–19 (citing *Cambridge Literary Props., Ltd. V. Goebel Porzellanfobrik*, 510 F.3d 77, 81 (1st Cir. 2007)). Ramos did not raise his claim for an accounting under the 1985 and 1987 Agreements in his Third Amended Counterclaim and Cross-Claim, but instead raised this claim for the first time in response to Hacienda's motion for summary judgment. Because "'a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court,'" the Court did not consider Ramos' claim for an accounting under either contract. *Id.*, p. 19 (quoting *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). Ramos' motion to amend does not argue that the Court committed manifest legal error in refusing to consider his claim for an accounting under the 1985 or 1987 Agreements as untimely and improper, nor does he offer any newly-discovered evidence in support of this claim.

### 2. The Court erred in relying on Ramos' rescission of the 1985 and 1987 Agreements to deny his breach of contract claim.

As set forth above, the Court previously found that the purported 1987 Agreement was never executed. The Court further found that Ramos failed to state a claim for breach of contract because he repeatedly disavowed the 1985 Agreement and denied that it was

valid. However, the Court did not rely on this fact alone in denying Ramos' breach of contract claim, as Ramos also failed to offer evidence of breach. The Court reasoned:

> [I]n disavowing the 1985 Agreement and stating that it is void and was never in effect, Ramos has undermined the first element of his breach of contract claim—that there is a valid and enforceable contract.
>
> Even assuming the 1985 Agreement is a valid and enforceable contract, the Court finds that Ramos has failed to offer competent summary judgment evidence that Hacienda Records breached the 1985 Agreement.

Order, p. 13.

Claiming that he did present evidence of breach, Ramos again relies on his sworn Declaration stating that Hacienda never paid him any monies under the 1985 Agreement. D.E. 99-5. The Court previously refused to consider this evidence because it was directly contradicted by Ramos' deposition testimony, explaining, "Because Ramos has provided no valid explanation for his inability on January 13, 2015 to remember facts he swore to in his Declaration four days before, and these contradictory statements cannot be reconciled, his Declaration will not be considered." Order, pp. 14–15. Ramos' motion to amend does not argue that the Court committed manifest legal error in refusing to consider his Declaration, nor does he offer any newly-discovered evidence in support of his breach of contract claim.

### C. The Court erred in finding that Ramos' breach of contract claim was time barred.

Despite Ramos' assertion to the contrary, the Court never found that any of his claims were time barred. In fact, the Court explicitly found that TEX. CIV. PRAC. & REM.

CODE § 16.069 "allows Ramos to bring his counterclaims against Hacienda Records, even though they might otherwise be time barred." Order, p. 9.

## IV. Conclusion

In sum, Ramos has not established either a manifest error of law or fact or presented newly-discovered evidence. Accordingly, Ramos' Motion to Alter or Amend Judgment (D.E. 180) is **DENIED**.

ORDERED this 5th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE