IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HACIENDA RECORDS, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO: 2:14-CV-00019 |
| | § | |
| RUBEN RAMOS, ET AL. | § | |
| | § | |
| Defendants/Counter Plaintiffs/ | § | JURY DEMAND |
| Cross Plaintiffs. | § | |

**DEFENDANTS' EXPEDITED MOTION TO STRIKE HACIENDA'S APPLICATION FOR ATTORNEY'S FEES AND COSTS, OR ALTERNATIVELY, TO STRIKE THE FOOTNOTES INCLUDED IN THE APPLICATION AND MOTION FOR EXTENSION OF TIME AND LEAVE TO EXTEND THE NUMBER OF PAGES TO RESPOND TO HACIENDA'S APPLICATION FOR ATTORNEY'S FEES AND COSTS**

TO THE HONORABLE COURT:

COME NOW Defendants/Counter Plaintiffs/Cross Plaintiffs ("Defendants") and file this Expedited Motion to Strike Hacienda's Application for Attorney's Fees and Costs, or Alternatively, to Strike the Footnotes Included in the Application and Motion for Extension of Time and Leave to Extend the Number of Pages to Respond to Hacienda's Application for Attorney's Fees and Costs (Doc. No. 212). In support hereof, Defendants respectfully show as follows:

**I.     MOTION TO STRIKE HACIENDA'S APPLICATION FOR ATTORNEY'S FEES AND COSTS, OR ALTERNATIVELY TO STRIKE FOOTNOTES INCLUDED IN THE APPLICATION**

1. On July 18, 2016, the Court entered an Order allowing Hacienda to file a motion for costs and fees in this case (Doc. No. 206).

2. On July 25, 2016, Hacienda filed an Expedited Motion for Extension of Time and for

Leave to Extend the Number of Pages for Fees and Costs (Doc. No. 208). On July 27, 2016, the Court granted Hacienda's Motion, and allowed it *ten* additional pages (for a total of 35 pages) and ten additional days to file its Application for Costs and Fees (Doc. No. 209) (emphasis added). On August 11, 2016, Hacienda filed its Application for Costs and Fees (Doc. No. 212) (the "Application").

3. Hacienda's Application is, in fact, *much longer* than what was permitted by the Court's Order– especially when taking into account the approximately *ten pages of footnotes* typed in 10-point, single spaced, font (Doc. No. 212, at pp. 4, 7, 9-16, 18, 20, 21, 23, 24, 25, 26, 30, 31, and 34). Entire substantive sections of Hacienda's argument– specifically, *the entire "Background Facts," Section III A-Q – are comprised of nothing but footnotes*, as exemplified here:

Case 2:14-cv-00019 Document 212 Filed in TXSD on 08/11/16 Page 19 of 47

**B. Reliance on invalid registrations as "Prima facie" evidence of ownership.[5]**

**C. Asserting objectively unreasonable claims for statutory damages and attorney's fees.[6]**

**D. Refusing to voluntarily dismiss the objectively unreasonable claims for statutory damages and attorneys' fees despite notice from the Courts and counsel.[7]**

**E. Lack of standing to pursue the claims.[8]**

(*Guzman II*) (Showalter's produced cassette of *Dos Horas de Vida* (Doc. 77 at Exhibit 5) was not the actual U.S. Copyright Deposit of *Dos Horas de Vida* (Doc. 82 at Exhibit 59). *See also* Doc. 112 at 4 in this case (discussion of the bogus deposit).

[5] Showalter improperly asserted a presumption of validity as to copyright registrations obtained outside the statutory period when the presumption would apply. The law is clear--there is no presumption of validity of a copyright registration obtained more than five years after publication and release of the work. *See* 17 U.S.C. §410(c). Here many of the Claimants' registrations were obtained many years after Hacienda's first publication and release of its masters. Further, there can be no copyright infringement claim based on an invalid registration, such as a registration with a false statement of ownership. But that is what Showalter did, even after Hacienda produced the parties' contracts (produced on October 22, 2014 during the deposition of Rick Garcia, which would have been produced much sooner but for Showalter's refusal to enter into a protective order. *See* Rick Garcia deposition at 10:19-13:25), and even after Claimants testified that Hacienda owns its masters. *See* Doc. 196 at 9 (Claimants' late filed (and stricken) motion, relying again on the presumption argument).

[6] Claimants sought statutory damages and attorney's fees under the Copyright Act. *See* Doc. 41 at 13, ¶ 40 (Defendants' Second Amended Complaint: "Counter Defendants willfully infringed Claimants' copyrights, and statutory damages against each Counter Defendant in the amount of $150,000 per work [238 works at that time, increased later to 434 works, *see* Doc. 141-1] per Counter Defendant are appropriate."). Yet such claims were clearly barred by law under 28 U.S.C. § 412. Showalter knew from his prior cases against Hacienda, and in this case, that § 412 precluded his statutory damages claims. In fact, at the Initial Conference on August 7, 2014, Hacienda's counsel expressly advised that, "Under the law, you don't get statutory damages or attorneys' fees under Section 412 of the Copyright [Act] unless you have a registration on file before the work's been published and released." *See* Doc. 114 at 9:7-12. Showalter expressly acknowledged in open Court that, "we know what the law is on statutory damages." *Id.* at 10:5-6. Yet Showalter pursued his statutory damages claims anyway. His pursuit of such claims was objectively unreasonable, and multiplied the proceedings requiring Hacienda to further research and brief such issues. *See, e.g.*, Doc. 64 at 29-30 (Ramos); Doc 65 at 23-24 (Guerrero); Doc. 66 at 26-27 (Serrata); Doc. 67 at 25-27 (Songwriters). Even after Hacienda filed its briefs identifying the law and facts that such claims were frivolous, Showalter pursued them anyway, requiring Hacienda to file Reply Briefs on this point. *See* Doc. 124 at 25-26 (Ramos); Doc. 132 at 12-13 (Guerrero); Doc. 131 at 13 (Serrata); Doc. 130 at 13-14 (Songwriters). This is not an isolated act of bad faith, but a pattern in Showalter's cases. *See, e.g.*, *Tempest*, Doc. 67 at 17-19 (discussion of no entitlement to statutory damages and attorney's fees under 17 U.S.C. 412); *Guzman I*, Minute Entry dated October 11, 2013 (Judge Gregg Costa granting Hacienda's Motion to Dismiss (Doc. 6 at 10) expressly dismissing the claim for statutory damages). This is Showalter's bad faith practice against other parties as well. *See, e.g.*, *Ramirez v. Freddie Records, Inc.*, Civil Action No. H-08-801, (S.D. Texas June 7, 2013) (Doc 198, Judge Vanessa Gilmore correctly held that despite Showalter's arguments, because the copyright registrations for the allegedly infringing works were not obtained within three months after first publication, that Showalter's client was not entitled to an award of attorneys' fees under 17 U.S.C. § 412). *Guajardo v. Freddie Records*, Case No. 4:10-cv-02024 (S.D. Tex. Houston Division) (Doc 310 at 5, Magistrate Judge Stacy expressly ruling that Showalter's clients had no claim for statutory damages and attorney's fees as a matter of law, ruling adopted by Judge Gray Miller). Showalter clearly knows better, but doesn't care, so long as he forces Hacienda to expend resources in defending the frivolous and objectively unreasonable claims.

[7] *See* Exhibit E (March 13, 2015 e-mail from Showalter to Hacienda's counsel refusing to dismiss the improper statutory damage claims, after Showalter received notice from Hacienda's counsel that such claims were objectively unreasonable and including citation to case law); Doc. 114 at 9:7-12, 10:5-6 (Transcript of Initial Conference). *See also supra* at Section III.C discussion of prior court rulings advising Showalter that his claims for statutory damages and attorney's fees are improper.

[8] Hacienda had repeatedly asked Showalter to identify all persons who own an interest in the Works and to produce all such assignments and transfers. *See* Doc. 65-7 (one of the emails to Showalter, none answered). Doc. 65-2 (Request Nos. 9, 10, 27, 28, 39); Doc. 65-4 (Interrogatory No. 8). No such assignments or transfers were produced at that time, *see* Doc 65-6, and all Claimants answered Interrogatory No. 8 as follows: "**Claimant is the owner of all Works subject to his claims against Plaintiffs/Counter Defendants.**" (emphasis added). *See* Doc. 65-4. Knowing the Showalter Assignments were fatal to his

10

HOU 408473308v1



Doc. No. 212, at p. 10. In fact, pages 9 through 15 of the Application, are entirely comprised of footnotes (Doc. No. 212, at pp. 9-15).

4.      If the Application was written entirely in 12-point, double spaced font, as required by the Court (Doc. No. 127), *it would total over 86 pages*![1] The entire Application is 20,900 words. In comparison, the word limit for a principal brief in federal appellate court is 14,000 words. Fed. R. App. P. 32(a)(7)(B)(i). Footnotes do count toward the word limitation in federal appeals court. Fed. R. App. P. 32(a)(7)(B)(iii).

5.      Footnotes are an "instrument generally used for tangential details." See *Leonardo v. Health Care Services Corp.*, 2010 WL 317520, at *10, FN 1 (N.D. Ill. Jan. 20, 2010). However, the footnotes included in Hacienda's Application contain more than marginal or inconsequential detail. They raise new and substantive issues that demand a response from Defendants, as exemplified here:

> [10] The vague and global claims of infringement to 434 works were completely frivolous. The produced copyright registrations revealed the Songwriter Claimants either did not own the compositions which they alleged, or Claimants testified Hacienda had permission to use the compositions, or Hacienda had not used the compositions. See Doc. 67 at 17-19; Doc. 130 at 4-10; Doc. 143; Doc. 160 at 2-6. See also Doc. 126 at 10-11 (false allegations that Hacienda used the work *Oiga Senora*). At one point, Showalter completely abandoned claims to 144 compositions, acknowledging Hacienda had not used these works. See Doc. 143-1. Showalter's frivolous allegations multiplied these proceedings, requiring the depositions of the Claimants, and requiring summary judgment motions and replies. It is no surprise that at the eleventh hour, after Hacienda, its counsel, and the Court were required to expend significant time and resources on such frivolous claims, that Showalter abandoned them. See Doc. 161 (claims of Martinez, Salcedo and Sanchez completely abandoned).

Doc. No. 212, at p. 11, FN 10.

6.      Every statement included in the Application's footnotes will require multiple sentences to adequately respond. For instance, in Footnote No. 10, as excerpted above, Hacienda

---

[1] See Ex. A, a true and correct copy of which is attached hereto.

completely ignores the fact that it was the party who included 434 works in this lawsuit– the majority of which included musical compositions and sound recordings to which it had no claims, contractually or otherwise, and which it had never used or exploited (Doc. No. 6-3). In its Second Amended Petition, Hacienda erroneously claimed that the 434 works listed are "included on Hacienda products" (Doc. No. 6, at pp. 2-3, ¶ 9). As a result, Defendants were forced to protect their rights and litigate ownership of works to which Hacienda had absolutely no claim. Incredulously, Hacienda is attempting to collect fees and costs for work related to its own baseless claims. This example is simply one of the many falsehoods included in Hacienda's excessive footnotes that Defendants must address in their Response.

7. Hacienda's abuse of footnotes in the Application is a clear violation of the Court's Order (Doc. No. 209), which authorized a 10-page extension, for a total of 35 pages. Further, it is a clear violation of the Court's Amended Scheduling Order, wherein the Court explicitly states:

> "Page limits may not be circumvented by font less than 12-point (13-point font or larger is preferred)...or line spacing less than double (with the exception of _appropriate_ block indents and footnotes)."

Doc. No. 127, at p. 3, no. 11 (emphasis added). Hacienda cannot reasonably argue that including _entire sections of substantive argument_ in ten pages worth of footnotes is an appropriate use of footnotes. It is apparent that Hacienda explicitly used footnotes to circumvent the Court's page restrictions– _despite the Court's previous allowance of ten additional pages for briefing_.

8. It is improper to use footnotes to evade page limitations set by the Court, and federal courts have held that use of excessive footnotes is a sanctionable offense. *See Kano v. Nat'l Consumer Coop. Bank*, 22 F.3d 899 (9th Cir. 1994) (wherein the Court imposed sanctions on a party who used improper line spacing and excessive footnotes in a brief); *see also Jo.R. ex rel. C.R. v.*

*Garden Grove Unified School Dist.*, 551 Fed. Appx. 902, 904 (9th Cir. 2013) (wherein the Court concluded that the trial court abused its discretion by failing to award fees as a sanction for submitting a brief with excessive footnotes). Hacienda's clear misuse of footnotes to make pages worth of substantive argument, *in an obvious effort to circumvent the Court's page limitations*, is disrespectful to the Court and unfair to Defendants– who, to date, are limited to 25 pages to respond to an 86-page brief. As such, Defendants respectfully request that the Court strike Hacienda's Application (Doc. No. 212) in its entirety and deny Hacienda's request for attorney's fees and costs or, in the alternative, strike and disregard all footnotes included in Hacienda's Application.

## II. MOTION FOR EXTENSION OF TIME AND LEAVE TO EXTEND THE NUMBER OF PAGES IN RESPONSE TO HACIENDA'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

9. In its Motion for Extension of Time, Hacienda claimed that it needed ten additional pages and ten additional days to file its Application for Costs and Fees. The Motion stated:

> "This case is not a typical case of one plaintiff and one defendant...There were multiple complaints and counterclaims, multiple motions, multiple hearings, broad discovery demands, and multiple depositions, and, of course, significant work performed by counsel for almost three years."

(Doc. No. 208 at pp. 1-2, ¶ 3). These same arguments apply to Defendants' time and endeavors in litigating this case. The effort expended in this case, the excessive volume of Hacienda's Application, the complexity of the claims, and the vicious personal attacks waged against Defendants and their attorney require a thorough and detailed response from Defendants that cannot be accomplished in 25 pages.

10. Prior to filing this Motion, Defendants' attorney, David Showalter, conferred with Hacienda's attorney, Roland Garcia, Jr., who advised that he does not oppose an extension of ten

S:\2444.01\Motion for Extension of Time\Emergency Motion for Extension of Time.wpd
08-29-16

5

additional day and ten additional pages in which to respond to Hacienda's Application.[2]

11. It is unfair and unjust to limit Defendants' response to just 25 pages– or even 35 pages– when they must address multifarious arguments ensconced in an *86-page brief*. In the interest of fairness and equity, Defendants respectfully request twenty (20) additional pages and thirty (30) additional days to file their Response to Hacienda's Application to ensure that it is adequately responsive to each point raised by opposing counsel.

12. Defendants further request an expedited ruling due to the upcoming deadline of September 1, 2016. This motion is not filed for delay, but so that justice may be served.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request as follows:

1) That the Court strike Hacienda's Application for Attorney's Fees and Costs (Doc. No. 212), or alternatively strike and disregard all footnotes included in Hacienda's Application for Attorney's Fees and Costs;

2) That the Court allow Defendants a 30-day extension to file their Response to Hacienda's Application for Costs and Fees (Doc. No. 212);

3) That the Court allow Defendants 20 additional pages of briefing in which to respond to Hacienda's Application for Costs and Fees (Doc. No. 212), for no more than 45 pages in the Response; and

4) That the Court consider this Motion on an expedited basis due to the upcoming deadline.

5) Such other and further relief to which Defendants may prove themselves entitled, or which the Court may deem appropriate.

---

[2] Mr. Garcia, Jr. stated that he is opposed to an extension of more than ten additional pages or ten additional days.

Respectfully submitted,

By: /s/ David W. Showalter
    David W. Showalter
    TBA # 18306500
    S.D. I.D. 5703
    Lauren Welch Scott
    TBA # 24076766
    S.D. I.D. 1197187

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 762-6872

ATTORNEYS FOR DEFENDANTS/ COUNTER PLAINTIFFS/ CROSS PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I hereby certify that I communicated with Mr. Garcia, Jr, via e-mail, on August 29, 2016, regarding Defendants' Motion to Strike Hacienda's Application for Attorney's Fees and Costs, or Alternatively to Strike the Footnotes Included in the Application. Mr. Garcia responded that he is opposed to the requested relief.

I further certify that my co-counsel, David W. Showalter, communicated with Mr. Garcia, via e-mail, regarding Defendants' Motion for Extension of Time and Leave to Extend the Number of Pages to Respond to Hacienda's Application for Attorney's Fees and Costs. Mr. Garcia indicated that he is unopposed to ten (10) additional days and ten (10) additional pages; but opposes any extension beyond that.

    /s/ Lauren Welch Scott
    Lauren Welch Scott

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the Court's ECF system to all counsel of record on August 29th, 2016.

    /s/ Lauren Welch Scott
    Lauren Welch Scott