UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HACIENDA RECORDS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-19 |
| | § | |
| RUBEN RAMOS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Plaintiff/Counter-Defendants' Hacienda Records and Recording Studio, Inc.; Hacienda Records, L.P.; Latin America Entertainment, LLC; Rick Garcia; and Roland Garcia, Sr.'s (deceased) (collectively "Hacienda") Application for Attorneys' Fees and Costs (D.E. 222) and Motion for Appellate Related Attorneys' Fees and Costs (D.E. 251), to which Defendants/Counter-Claimants Ruben Ramos; Hugo Guerrero; Arturo Rene Serrata; Arnold Martinez, Individually and on Behalf of Gilbert Martinez's Heirs; Leticia "Letty" Salcedo, Individually and on Behalf of the Estate of Jesus "Jesse" Salcedo; Adan Sanchez; and Ruben Guanajuato (collectively "Claimants") and their attorney, David Showalter, have responded (D.E. 230, 254) and Hacienda has replied (D.E. 237, 255).[1]

---

[1] Claimants filed a motion to strike Hacienda's Reply to Claimants' Objections and Response to Hacienda's Motion for Appellate Related Fees and Costs on the grounds that it exceeds the 25-page limit for motions and responses set by the Court. D.E. 256. Claimants further move the Court to sanction Hacienda and its counsel $5,600 for "vexatiously multiplying this litigation and for disregarding the Court's prior instructions not to file any additional briefing in this case." *Id.*, p. 4. The Court previously rejected Claimants' attempt to include Hacienda's table of contents, table of authorities, and attached evidence in the 25-page limit for motions and responses. *See* D.E. 201, p. 8. Moreover, while the Court did not explicitly grant Hacienda leave to file a reply regarding appellate attorneys' fees, it also did not prohibit Hacienda from doing so. Claimants' motion to strike and for sanctions (D.E. 256) is

For the reasons set out below, the Court awards Hacienda attorneys' fees in the amount of $236,544.50 and costs in the amount of $58,101.15.

## I. Procedural Background

This case involves an ongoing copyright-ownership dispute that has been the subject of numerous lawsuits between Tejano recording companies and Tejano music artists represented by attorney David Showalter.[2]  Giving rise to this action, on January 13, 2014, Attorney Showalter sent Hacienda a letter requesting: copies of contracts or agreements purportedly between Claimant Ramos and Hacienda with respect to certain songs recorded by Hacienda and sung by Ramos; documents reflecting the quantities of products manufactured and sold by Hacienda that embody Ramos's works; any accountings owed to Ramos for the exploitation of his works, and any payments owed to Ramos for the exploitation of his works. The letter also requested that Hacienda immediately cease and desist from any unlicensed exploitations of Ramos's works.

On January 21, 2014, Hacienda filed the present declaratory judgment action against Ramos, seeking a declaration that: Hacienda owns the copyright to certain sound recordings; Ramos and his assigns have no copyright to the sound recordings; any copyright registrations by Ramos to the sound recordings are invalid, and Hacienda has not infringed on any copyright to the sound recordings. Additional Defendants, Cross-

---

DENIED, and Hacienda's request for attorneys' fees in the amount of $2,500 to respond to the motion to strike and for sanctions is also **DENIED**.

[2]  *See Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031 (5th Cir. 2015); *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712 (S.D. Tex. 2015); *Sanchez v. Hacienda Records & Recording Studio, Inc.*, 42 F. Supp. 3d 845 (S.D. Tex. 2014); *Guajardo v. Freddie Records, Inc.*, 2014 WL 12605052 (S.D. Tex. Dec. 12, 2014), R. & R. adopted, 2015 WL 12791484 (S.D. Tex. Mar. 11, 2015), order corrected, 2015 WL 12791487 (S.D. Tex. Apr. 27, 2015); *Guerrero v. Martinez*, 2011 WL 5155831 (S.D. Tex. Oct. 27, 2011); *Sanchez v. Freddie Records, Inc.*, 2011 WL 3606808 (S.D. Tex. Aug. 10, 2011).

Defendants, and Counter-Claimants were later joined, culminating in the filing of a Third Amended Counterclaim and Cross-Claim against Hacienda Records and related individuals/entities regarding numerous other songs by Martinez, Salcedo, Sanchez, and Guanajuato ("Songwriter Claimants") and Ramos, Serrata, and Guerrero ("Performer Claimants"). Claimants' causes of action included copyright infringement, violations of the Digital Millennium Copyright Act (DMCA), violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud/fraudulent inducement, breach of fiduciary duty, breach of contract, and breach of the duty of good faith and fair dealing. Claimants also sought their own declaratory judgment that: Claimants were the owners of all rights and copyrights in certain works; Hacienda was not entitled to possess or exploit Claimants' works, and Claimants were entitled to an accounting for all revenue and profits from Hacienda for its exploitation of their works.

Hacienda voluntarily dismissed without prejudice its Second Amended Complaint, but later revived its declaratory judgment claims in its Amended Answer to Third Amended Counterclaim and Cross-Claims and Hacienda's Counterclaim. Upon Claimants' Motion for Voluntary Dismissal with Prejudice on August 28, 2015, many of the claims asserted in their Third Amended Counterclaim and Cross-Claim were dismissed, resulting in the following Claimants and claims: (1) Guanajuato's claims for copyright infringement and violation of the DMCA; (2) Guerrero, Serrata, and Ramos's claims for breach of contract, breach of the duty of good faith and fair dealing, and attorney's fees under Texas law; (3) Guerrero and Serrata's breach of fiduciary duty

claims; and (4) Guanajuato, Guerrero, Serrata, and Ramos's claims for a declaratory judgment "that Claimants are entitled to an accounting for all revenue and profits from [Hacienda's] exploitation of the Works."

On September 30, 2015, the Court granted in part Hacienda's Motion for Judgment on the Pleadings and dismissed Guanajuato, Guerrero, and Serrata for lack of standing because, between 2010 and 2012, they had each assigned and/or transferred various rights to Attorney Showalter through assignments and special powers of attorney, including the "exclusive right to enforce any legal rights in respect of the Works and administer any and all rights and revenue received or recovered as a result of the Works, whether as the result of litigation or otherwise." The same Claimants had already "vigorously litigated the standing issue in *Guajardo* and lost," but they continued to assert standing and pursue their claims against Hacienda in this action. *Hacienda Records, L.P. v. Ramos*, 718 Fed. App'x 223, 224 (5th Cir. 2018) (citing *Guajardo*, 2015 WL 12791484 at *3–6). At this point, only the claims of Ramos—who did not execute a special power of attorney—remained.

On November 2, 2015, the Court granted Hacienda's motion for summary judgment against Ramos and dismissed his claims for breach of contract, breach of the duty of good faith and fair dealing, attorney's fees under Texas law, and a declaratory judgment. The Court also granted Hacienda's motion to strike Ramos' declaration in support of his summary judgment response, finding the declaration—which directly contradicted his deposition testimony taken just four days later—was a sham.

That left Hacienda's counterclaim for a declaration of ownership of its master sound recordings and related matters remaining. Hacienda maintained that Performer Claimants Ramos, Serrata, and Guerrero entered into various recording agreements with Hacienda dating back to the 1980s, whereby Performer Claimants were hired to record vocals onto sound recordings for Hacienda and agreed that Hacienda would own the master sound recordings to the albums. However, Performer Claimants asserted that they owned the copyrights to Hacienda's masters.

On June 29, 2016, the Court granted summary judgment in favor of Hacienda on all claims and entered a declaratory judgment that: (1) Hacienda owns the copyright to the master sound recordings and compilations; (2) Performer Claimants and their assigns have no copyright ownership in the master sound recordings and compilations; and (3) any copyright registrations by Performer Claimants to Hacienda's master sound recordings and compilations are invalid. In reaching this conclusion, the Court found that Hacienda produced uncontroverted evidence that Performer Claimants and/or Attorney Showalter purchased, submitted to the U.S. Copyright Office, and claimed to own Hacienda-published and released CDs containing Hacienda's copyright notice; most of Performer Claimants' copyright registrations contained false publication dates and were submitted more than five years after Hacienda's creation, publication, and release of the sound recordings; several of Performer Claimants' copyright registrations contained admittedly false authorship claims; and Performer Claimants falsely claimed to own numerous master recordings.

Claimants thereafter moved the Court to reconsider the denial of their breach of contract claims, defer any future rulings, and order the parties to mediation, despite the fact that there was nothing left to mediate. The Court denied the motion and entered Final Judgment in favor of Hacienda on July 18, 2016, explicitly finding that the Hacienda entities were "prevailing parties on all claims asserted in this matter and may file a Bill of Costs and Motion for Attorneys' Fees and Costs as may be allowed by law." D.E. 205, p. 2. Claimants and Attorney Showalter were further ordered to: (1) cancel the 13 invalid copyright registrations described in the Court's June 29, 2016 Order; (2) identify any newly-obtained or pending copyright registrations of Hacienda masters; and (3) request that the U.S. Copyright Office cancel any newly-obtained or pending copyright registrations of Hacienda masters.

Claimants Guanajuato, Guerrero, and Serrata appealed the Court's dismissal of their claims for lack of standing, and Ramos appealed the Court's order granting summary judgment in favor of Hacienda on his breach of contract claim and awarding Hacienda prevailing-party status. The Fifth Circuit affirmed this Court's decisions. *Hacienda Records, L.P. v. Ramos*, 718 Fed. App'x 223, 224 (5th Cir. 2018).

Hacienda now seeks attorneys' fees in the district court and on appeal.

## II. Legal Standard

### A. The Lodestar Method.

In the Fifth Circuit, reasonable attorneys' fees are calculated using the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). To

determine the lodestar, the court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. The court then multiplies the number of hours by the hourly rate. *Id*. at 324. The lodestar is intended to reflect "the prevailing market rates in the relevant community." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). It "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id*. A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious case, but is not intended to produce windfalls to attorneys. *Id*. at 552. An attorney's requested hourly rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Kellstrom*, 50 F.3d at 328.

### B. *Johnson* Adjustments

There is a strong presumption in favor of the lodestar amount, but it may be adjusted up or down based on twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The factors considered in *Johnson* include: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7)

the time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

"[T]he lodestar figure includes most, if not all, of the 'relevant factors' constituting a reasonable attorney's fee." *Perdue*, 559 U.S. at 553. Accordingly, enhancements based on the *Johnson* factors are rare but may be awarded in exceptional circumstances. *Id.* at 552. An enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. *Id.* at 553. Thus, the novelty and complexity of a case generally may not be used as a ground for enhancement because those factors presumably are reflected in the number of billable hours recorded by the attorney. *Id.* In addition, time limitations and the preclusion of other employment by the attorney generally are subsumed in the lodestar calculation. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043–44 (5th Cir. 1999).

### C. Evidence

"'[T]he burden is on the applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (2011)). Courts further require applicants to provide contemporaneous billing records or other documents, which are examined to determine which hours are

compensable and which are not. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008).

"The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Parties seeking attorneys' fees have the burden of showing the reasonableness of the hours billed and also of proving that they exercised billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Counsel exercises billing judgment when he or she documents hours charged and the hours written off as unproductive, excessive, or redundant. *Id.* at 434.

## III. Analysis

### A. Entitlement to Attorneys' Fees

The Court previously ruled that Hacienda was the prevailing party "on all claims" and that it would "not entertain any motion for fees or costs by Claimants." D.E. 205, p. 2. On appeal, "even though [Claimants] did not prevail on any works considered by the court, they contend[ed] they prevailed on all those works not considered by the court, and, accordingly, claim[ed] prevailing-party status." *Hacienda Records, L.P. v. Ramos*, 718 Fed. App'x 223, 236 (5th Cir. 2018). The Fifth Circuit rejected Claimants' contention that they were also prevailing parties and found that this Court did not abuse its discretion in according Hacienda prevailing-party status, noting that "the overarching issue for all settled claims involved contract disputes; state law applies because the fees were awarded

for breach of contract; [and] the prevailing-party status was decided under state law because Texas awards attorney's fees to the party prevailing on a contract claim." *Id.* In addition to contract claims, Hacienda argues it is entitled to attorneys' fees and costs under the Copyright Act and against Attorney Showalter under 28 US.C. § 1927, Federal Rule of Civil Procedure 26, and the Court's inherent power.

### 1. Declaratory Judgment

Hacienda was the prevailing party on all declaratory judgment claims in this case. In a declaratory judgment action, a court may award "costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009; *see also Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 216 (5th Cir. 1988). However, the award of attorneys' fees is not permitted under the rules governing declaratory judgment actions if the claim for declaratory relief is duplicative of another claim for which the recovery of fees is not permitted. *MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669–70 (Tex. 2009). Here, the declaratory judgment action adjudicated in this Court's June 29, 2016 Order granting summary judgment in favor of Hacienda pertained to rights under recording contracts between Hacienda and Claimants. Thus, attorneys' fees may be awarded for Hacienda's declaratory judgment claims in this case. *See Chesapeake Operating, Inc. v. Whitehead*, 2011 WL 4372486, at *6 (S.D. Tex. Sept. 19, 2011) (citing *Allstate Ins. Co. v. Receivable Fin. Co.*, 2002 WL 32254893, *2 (N.D. Tex. Feb. 26, 2002)).

## 2. Copyright Claims

Hacienda was the prevailing party on all copyright claims in this case. Under the Copyright Act, a district court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

In the Fifth Circuit, "an award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely." *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 588–89 (5th Cir. 2015) (internal citations and quotations omitted); *see also Beardmore v. Jacobson*, 2016 WL 1253219, *1 (S.D. Tex. Mar. 30, 2016) ("Although attorney's fees are awarded in the trial court's discretion, in copyright cases they are the rule rather than the exception and should be awarded routinely."). The Supreme Court has identified the following factors to guide a court's discretion in awarding attorney's fees in copyright cases: "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). The Supreme Court has further held that "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Courts should also "give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1983 (2016).

Finally, in cases where the non-prevailing party's "claim or defense was frivolous, and the prevailing party obtained no relief at all[,] . . . the case for awarding attorneys' fees is compelling." *All. for Water Efficiency v. Fryer*, 2017 WL 201358, at *6 (N.D. Ill. Jan. 18, 2017) (citing *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 789 (7th Cir. 2014)). "When the prevailing party is a defendant who receives no award, the presumption in favor of awarding fees in usually strong." *Id.* (citing *Liang v. AWG Remktg., Inc.*, 2016 WL 428294, at *6 (S.D. Ohio 2016)). This "ensures that in a copyright infringement case, the defendant does not abandon a meritorious defense in situations in which 'the cost of vindication exceeds the private benefit to the party.'" *Id.* (quoting *Assessment Tech. of WI, LLC v. WireData, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)).

Hacienda contends the following frivolous claims and/or objectively unreasonable legal positions asserted by Claimants in this action justify an award of attorneys' fees under 17 U.S.C. § 505: lack of valid U.S. Copyright Registrations and U.S. Copyright Deposits; reliance on invalid registrations as prima facie evidence of ownership; asserting objectively unreasonable claims for statutory damages for "willful infringement" as to 434 works that Claimants either did not own, Hacienda had permission to use, or Hacienda did not use, and then refusing to dismiss those claims despite notice from the courts and counsel; lack of standing to pursue copyright claims; raising meritless claims of ownership and infringement of Hacienda's mastered recordings, infringement of the compositions, and misappropriation of name and likeness; and asserting frivolous DMCA

claims when Judge Rosenthal previously ruled there was no copyright infringement by Hacienda as to *La Prieta Casada*. *See, e.g.*, *Pronman v. Styles*, 676 Fed. App'x 846, 849 (11th Cir. 2017) (affirming attorneys' fees to alleged infringers under § 505 where owners claimed $8,000,000 in damages, to which they were not entitled as any infringement occurred years before owners registered their copyright, and owners' unsupported infringement claim clouded title to property owned by alleged infringers); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) (awarding attorneys' fees to alleged infringers under § 505 where plaintiff moved for dismissal after its company president made several statements in her deposition that were directly at odds with allegations she had verified in the complaint, recognizing, "There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505. . . .  This is no less true when a case is dismissed because the plaintiff 'threw in the towel.'").

The Court finds Hacienda's case for attorneys' fees under the Copyright Act to be compelling given the complete lack of merit to any of Claimants' claims and the fact that Hacienda obtained no monetary relief in this case. Moreover, the conduct exhibited by Claimants and/or Attorney Showalter in this action—purchasing Hacienda's copyrighted CDs, secretly applying for copyright registrations claiming to own Hacienda's master sound recordings, then suing Hacienda for willful infringement for selling its own CDs— is inexcusable and must be deterred.

### 3. 28 U.S.C. § 1927

Hacienda moves the Court to hold Attorney Showalter and his law firm jointly and severally liable for attorneys' fees and costs under 28 U.S.C. § 1927, which states:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "When an attorney's conduct is so obviously unreasonable that a court can infer an 'improper purpose' from the fact that the attorney persisted in it, it is unnecessary for the court to explain at length why the vexatiousness prong has been met." *Ratliff v. Stewart*, 508 F.3d 225, 234 (5th Cir. 2007).

Hacienda argues that Attorney Showalter unreasonably multiplied these proceedings in a myriad of ways. For example, Showalter abused discovery by filing sham declarations and failing to produce key requested documents—such as copyright registrations obtained for Hacienda's masters or the assignments and powers of attorney relied upon by the Court in dismissing several Claimants for lack of standing—while telling Hacienda that all responsive documents had been produced. Even after the Court ordered Showalter to supplement his discovery responses, he consistently failed to do so. *See Malautea v. Suzuki Motor Corp.*, 987 F.2d 1536, 1545 (11th Cir. 1993) (affirming district court's finding that "defense counsel's bad faith conduct multiplied the proceedings unreasonably and vexatiously" where defense resistance to discovery necessitated considerable court oversight). Showalter also pursued claims against Hacienda involving Claimants who admittedly "had absolutely no dealings or

relationships with Hacienda" (D.E. 187, p. 4 n.5) and hundreds of compositions that either Claimants did not own, Hacienda had permission to use, or Hacienda had not even used. *See Western Heritage Ins. v. Robertson*, 224 F.3d 764, 2000 WL 992178, at *5 (5th Cir. 2000) ("Counsel's failure to reasonably investigate plaintiff's claim or material produced in discovery, which would have revealed the claim's lack of merit, is bad faith litigation," and thus, "the entire litigation was unwarranted, unreasonable, vexatious, and in bad faith," resulting in defendant's recovery of all fees against plaintiff and plaintiff's counsel under § 1927); *Park Nat'l Bank v. Kaminetzky*, 976 F. Supp. 571, 586 (S.D. Tex. 1996) (awarding attorney's fees against counsel for failing to adequately investigate the legal and factual basis for removal, where there existed "no colorable federal claim whatsoever" that could be asserted by his clients). Showalter refused to dismiss frivolous claims for statutory damages, which prolonged the prosecution of these claims. *See FM Indus., Inc. v. Citicorp Credit Serv., Inc.*, 614 F.3d 335, 338–39 (7th Cir. 2010) (awarding sanctions under § 1927 where lawyers who prosecuted frivolous and inflated statutory damages claims were "playing games" and "engaged in an abuse of the legal process"); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363 (S.D.N.Y. 2006) ("In view of the clear statutory language precluding statutory damages in cases like the instant one and in view of [counsel's] prior experience with and knowledge of this point of law, it was unreasonable, vexatious, and clearly in bad faith for [counsel] to include a claim for statutory damages in the Complaint."). Showalter similarly continued to prosecute claims by Guanajuato, Guerrero, and Serrata, despite Judge Miller's ruling in *Guajardo*, 2015

WL 12791487, that their assignments to Showalter destroyed their standing. *See In re Silica Products Liab. Litig.,* 398 F. Supp. 2d 563, 675–76 (S.D. Tex. 2005) (law firm's "continued prosecution" of meritless claims multiplied the proceedings vexatiously for an improper purpose "to inflate the number of Plaintiffs and claims in order to overwhelm the Defendants . . . in hopes of extracting mass nuisance-value settlements"). Showalter also refused to voluntarily cancel the invalid registrations or notify Hacienda of any newly-acquired or pending registrations without being ordered to do so by this Court.

Hacienda maintains that Attorney Showalter's improper motive can be inferred based on the above conduct. *See, e.g.*, *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F. 3d 1216, 1221 (9th Cir. 2010) (attorney's misrepresentations of copyright law and failure to perform basic research into client's claim "evinced his bad faith and recklessness in pursing [client's] copyright claim"); *Bell v. Taylor*, 2016 WL 4592205, *3 (S.D. Ind. Sept. 2, 2016) (repeated filing of lawsuits "involving the same or similar infringement allegations . . . appear[ed] to be an attempt to extract quick, small settlements from many defendants instead of using the judicial process to protect his copyright against legitimate infringing actors"). Hacienda argues Showalter's motive may also be inferred because he owns two competing record companies, Gold Rhyme Records and Musica Adelena/Tempest, on behalf of which he has previously sued Hacienda Records. *Supra*, Part I, n.2. *See Farouk Sys., Inc. v. AG Global Prods., LLC*, 2016 WL 6037231, *2 (S.D. Tex. Oct. 14, 2016) (finding plaintiff "had an improper motive" for filing copyright lawsuit against business competitor); *Schurr v. Molacek*, 2016 WL

6680287, *8 (E.D. La Nov. 14, 2016) ("The lack of factual support provided by Plaintiffs" makes their claims "appear frivolous, unreasonable, and calculated to subject a smaller competitor to the high cost of defending itself in litigation.").

The Court finds that Attorney Showalter unreasonably and vexatiously multiplied these proceedings. It is clear that Showalter, and not Claimants, was the driving force in this protracted litigation. He represented to the Court that Claimants are "unknowing and unsophisticated composers and artists" who have "little to no education and often times barely speak English." D.E. 141 ¶ 35. Some Claimants were unaware they were suing Hacienda rather than defending a lawsuit.[3] These same Claimants were similarly unaware and/or denied they had assigned all their rights to Showalter to pursue any copyright claims.[4] Still, Showalter aggressively prosecuted Claimants' claims against Hacienda even after they were determined to be meritless and/or brought without standing. And, even after all Claimants' claims had been dismissed and Hacienda was granted summary judgment on all its claims, Showalter moved the Court to order the parties to mediation—on what claims remains unclear.

---

[3] *See* Serrata Dep., D.E. 126-3 at 8:6-10 (Q: You're suing [Hacienda] for royalties; is that true? A. No, sir. . . . They're suing me."), 71:19 ("I'm not suing Hacienda."); Salcedo Dep., D.E. 126-6 at 9:12-16 ("Q. Do you know what claims you're bringing against Hacienda Records? . . . A. I don't – I don't know why I'm here. Can you tell me why I'm here[?]").

[4] *See* Seratta Dep. at 290:22 – 291:12 ("Q. Did you ever assign any rights or interests in your compositions or sound recordings to the Showalter Firm or David Showalter? A. No. . . . Q. And why did you sign this document? . . . A. What is it?. . . I don't even know what it is.") Salcedo Dep. at 72:9-13. ("Q. Have you ever assigned any rights or ownership in any of Mr. Salcedo's works or your works? . . . A. No.").

Pursuant to 28 U.S.C. § 1927, Attorney Showalter and the Showalter Law Firm are jointly and severally liable with Claimants for all attorneys' fees and costs awarded herein.

## B. Calculation of Attorneys' Fees

### 1. Hourly Rate

Hacienda requests a rate of $500 per hour for shareholder/of counsel time and $225–$350 per hour for associates' time. According to the Affidavit of Hacienda's counsel of record, Roland Garcia,[5] the regular hourly rates of the attorneys who predominantly worked on this case are as follows: Roland Garcia (shareholder) $890; Jennifer Tomsen (shareholder) $680; Kendryl Hanks (shareholder) $645; and Tara Williams (of counsel) $650. Garcia Aff., D.E. 222-1, ¶ 5. However, each reduced their rate and charged Hacienda $350 per hour for this case. D.E. 222-2, p. 3. The record shows that associates billed Hacienda at a rate of $300 per hour. *Id.*

In order to determine an appropriate fee, this Court has previously turned to a more objective source, the State Bar of Texas (SBOT) Hourly Rate Fact Sheet, available at www.texasbar.com/AM/Template.cfm?Section=Archives (last visited Dec. 4, 2018). *See Martinez v. Refinery Terminal Fire Co.*, 2016 WL 4594945, at *8 (S.D. Tex. Sept. 2, 2016).[6] According to the 2015–2016 SBOT Fact Sheet, the overall median hourly rate in

---

[5] Claimants move to strike Garcia's Declaration as a "blatant attempt to circumvent the page limitations" set by the Court. D.E. 230, p. 4. Garcia's declaration is not a legal memorandum, but is instead evidence, on which there are no page limitations. To the extent the declaration offers legal conclusions, those portions were disregarded.

[6] The SBOT conducts a voluntary survey every other year to obtain information on hourly rates charged by Texas attorneys. The survey gives median hourly fees broken down into geographic areas, years of experience, firm size, and practice areas, among other categories.

Texas in 2015 was $288. The median hourly rates in Houston, Texas, for the following practice areas relevant to this case were: business $300; appellate $325; entertainment $300; intellectual property $345; and commercial litigation $295.

On this record, the Court finds that a rate of $350 per hour billed by counsel for Hacienda for partner time and $300 per hour for associates' time is appropriate in this case.

### 2. Hours Spent

Claimants argue the fees requested by Hacienda are "grossly excessive . . . inflated and not attributed to any particular conduct on the part of [Claimants]." D.E. 230, p. 4. Claimants also complain there is a "lack of description for huge blocks of time spent by associates," but they do not cite to specific time logs contained in roughly 200 pages of billing records filed by Hacienda. *See id.*, p. 32. Claimants further claim that Hacienda's "excessive billing practice was compounded by unreasonable discovery and email conduct which drove up the fees." *Id.*

Attorney Garcia states that he has exercised billing judgment and has written off or not invoiced Hacienda for at least 20% of all time in order to account for time spent on unsuccessful motions, such as Hacienda's motion to dismiss (initially denied in part), motion to realign (denied as premature), response to Claimants' motion strike Hacienda's first motion for attorney's fees (granted), and motion for leave to extend page limit of reply in support of attorneys' fees and proposed reply (denied). Hacienda also did not include any time billed for work performed after March 2018.

Having reviewed the detailed billing records supplied by Hacienda, the Court finds that the hours spent are reasonable.

### 3. *Johnson* Factors

Hacienda requests an upward adjustment of two times the loadstar. This request is denied. The Court finds that the lodestar amount represents a reasonable award of attorneys' fees in this case.

### 4. Approved Attorneys' Fees

Based on the Court's analysis, the Court approves attorneys' fees of $177,058.50 incurred in the district court and $59,486.00 on appeal.[7] $149,628.50 is assessed against all Claimants and Attorney Showalter, jointly and severally; $27,430.00 is assessed against Ramos, Serrata, Guerrero (Performer Claimants), and Attorney Showalter, jointly and severally; and $59,486.00 is assessed against Appellants Ramos, Serrata, Guerrero, Salcedo, and Guanajuato and Attorney Showalter, jointly and severally. *See LaFarge Corp. v. No. 1 Contract. Corp.*, 2008 WL 2120518, at *13 (M.D. Penn. May 19, 2008), *modified by* 2008 WL 3910673 (M.D. Penn. Aug. 20, 2008) (various amounts awarded against different defendants and against counsel).

Attorneys' fees are segregated as follows: Phase One ($127,711.50) includes fees incurred from inception through September 30, 2015, after which all Songwriter Claimants' claims had been dismissed. Phase One fees are attributable to all Claimants and Attorney Showalter. Phase Two ($27,430.00) includes fees incurred from October 1,

---

[7] Records supporting attorneys' fees in the trial court run from 2/14/2014 (Invoice 3588328) through 9/2/2016 (Invoice 4284339). D.E. 222-2. Records supporting attorneys' fees on appeal run from 12/2/2016 (Invoice 4359635) through 3/31/2018 (Invoice 4738790). D.E. 251-2.

2015, through June 29, 2016, after which all Performer Claimants' claims had been dismissed. Phase Two fees are attributable to Performer Claimants and Attorney Showalter. Phase Three ($21,917.00) includes fees incurred from June 30, 2016, through September 2, 2016, related to Hacienda's motion for attorneys' fees. Phase Three fees are attributable to all Claimants and Attorney Showalter. Phase Four ($59,486.00) includes appellate fees incurred from December 2, 2016, through March 31, 2018. Phase Four fees are attributable to Appellants and Attorney Showalter.

### C. Costs and Expenses

The Fifth Circuit has already awarded appellate costs to Hacienda in the amount of $74.55. *See* D.E. 251-4, p. 29. Hacienda seeks reimbursement for costs in the district court in the amount of $58,026.60, which includes: filing and process fees; deposition and transcript costs; printing and copying charges; translation services; electronic research; postage, shipping, and messenger services; travel expenses; facsimile charges; publication charges; service company charges; and "other" charges. *See* D.E. 222-4 (records of costs advanced to Hacienda by Greenberg Traurig, LLP) and 222-5 (records of costs paid directly by Hacienda).

Claimants contend that Hacienda's request for costs is unreasonable and contains a "laundry list of non-recoverable expenses ranging from irrelevant depositions, fictional billing for electronic research, outrageous fax charges in the digital age, and expensing reusable hardware." D.E. 230, p. 34.

### 1. Legal Standard

Federal Rule of Civil Procedure 54(d) addresses costs other than attorney's fees: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Costs are limited by 28 U.S.C. § 1920, which provides that the following expenses may be taxed as costs:

1) Fees of the clerk and marshal;

2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Supreme Court has indicated that courts may only award costs that are articulated in § 1920 absent explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 444–45 (1987); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Here, that "explicit statutory authority" is found in 17 U.S.C. § 505, which specifically applies to copyright

cases. *Guzman v. Hacienda Records*, 2015 WL 4920058, at *1 (S.D. Tex. Aug. 18, 2015) (citing *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28 U.S.C. § 1920.")). "In stark contrast to the list of taxable costs in section 1920, the copyright statute contains no such list and just refers to 'full costs.'" *Id.* at *2.

As a sister court in the Southern District of Texas recently recognized:

> Circuit courts are split on whether the reference to "full costs" in § 505 is limited to costs enumerated in § 1920 or is broader in scope. *Compare, e.g., InvesSys, Inc.*, 369 F.3d at 22–23 (broad view); *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 119 S. Ct. 176 (1998) (broad view); *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002) (affirming award of costs not taxable under § 1920); *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 457–58 (7th Cir. 2001) (§ 505 displaces § 1920 in copyright cases and allows award of attorney's fees as costs); with *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996) (per curiam) (§ 505 costs are limited to § 1920 costs); *Artisan Contractors Association of America, Inc. v. Frontier Insurance Co.*, 275 F.3d 1038, 1040 (11th Cir. 2001) (per curiam) (§ 505 costs are limited to costs authorized by § 1920). The Fifth Circuit has not addressed the issue, and courts in this district are split.

*Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, 2018 WL 2048896, at *23 (S.D. Tex. May 2, 2018) (citing *Guzman*, 2015 WL 4920058 at *2, and *Tempest Publishing*, 141 F. Supp. 3d at 718).

Somewhat ironically, both cases in this district cited by *Energy Intelligence* involve the Showalter Law Firm and Hacienda Records. The *Guzman* court reasoned that § 505 "must cover more costs than those listed in section 1920 or there would be no need

for a separate copyright provision and no effect given to the different statutory language."

2015 WL 4920058 at *2 (citing *Twentieth Century Fox Film Corp. v. Ent. Distrib.*, 429

F.3d 869, 885 (9th Cir. 2005) ("Construing § 505 as limiting the costs that may be

awarded to any particular subset of taxable costs effectively reads the word 'full' out of

the statute. We must give every word in a statute meaning.")). "Based on these

observations, the *Guzman* court concluded that Congress intended § 505 to cover the full

costs of litigation (subject to the substantive rules otherwise applicable to § 505) without

the categorical restrictions contained in § 1920." *Energy Intelligence*, 2018 WL 2048896

at *23. The *Tempest* court, however, concluded that "the costs taxable under § 505 are

limited to those enumerated in § 1920" because "[a]lthough there is some evidence that

Congress intended costs recoverable under § 505 to exceed those recoverable under §

1920, that evidence is not clear or explicit, as needed to conclude that the general statute

controls the more specific one." *Tempest Publ'g*, 141 F. Supp. 3d at 723 (citing *Crawford*

*Fitting*, 482 U.S. at 445).

Like the court in *Energy Intelligence*, this Court "find[s] the reasoning of *Guzman*

persuasive" and "concludes that § 505 authorizes an award of costs that is broader in

scope and not limited to the categories of costs allowable under § 1920." *Energy*

*Intelligence*, 2018 WL 2048896 at *23; *see also N. Atl. Operating Co., Inc. v. Mike's*

*Worldwide, LLC*, 2018 WL 3388299, at *2 (S.D. Tex. July 11, 2018) ("All costs of the

action may be recovered under the Lanham Act and the Copyright Act.").

## 2. Calculation of Costs and Expenses

### a. Filing and Process Fees

Hacienda seeks $909.00 in filing and process fees. Such fees may be taxed as costs under 28 U.S.C. § 1920(1).

### b. Depositions and Transcripts

Hacienda seeks $22,381.45 in costs for depositions and $536.90 related to transcripts. Such costs may be taxed as costs under 28 U.S.C. § 1920(2). Claimants object to costs for "irrelevant depositions" but do not specify whose depositions they consider to be unnecessary. A deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case. *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* A deposition obtained for use at trial or in preparation for trial, rather than for the mere convenience of counsel, may similarly be included as a taxable cost. *Id.* The Court finds deposition and transcript costs to be a reasonable and necessary expense in this case.

### c. Printing and Copying

Hacienda seeks $469.20 for photocopies, $4,564.62 for off-site printing and copying charges, and $8,441.01 for copying cassette tapes and CDs. Costs may be awarded for printing and copies of "any materials" when they are necessarily obtained for use in a case. 28 U.S.C. §§ 1920(3), (4).

### d. Translation Services

Hacienda seeks $750.00 for translation services. Such costs may be taxed under 28 U.S.C. § 1920(6).

### e. Electronic Research

Hacienda seeks $7,615.65 for Westlaw, Lexis, and PACER research. Claimants object to paying for "fictional billing for electronic research;" however, Hacienda has provided detailing billing logs supporting such charges. "[C]omputer-assisted research should be . . . reimbursed under attorney's fee statutes like section 505, so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement." *InvesSys, Inc. v. McGraw-Hill Co., Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004).

### f. Postage & Delivery

Hacienda seeks $589.88 for postage, FedEx, UPS, and messenger services. These costs may be recovered under § 505. *Broad. Music, Inc. v. Bandera Cowboy Bar, LLC*, 2010 WL 11597871, at *3 (W.D. Tex. Apr. 13, 2010) (postage); *Yash Raj Films (USA) Inc. v. Movie Time Video USA, Inc.*, 2007 WL 2572109, at *6 (E.D.N.Y. July 26, 2007) (postage and messenger expenses).

### g. Travel Expenses

Hacienda seeks $3,495.15 for transportation, lodging, mileage, business meals, and parking expenses related to counsel's attendance at court hearings and depositions. These costs may be recovered under § 505. *See, e.g.*, *Mike's Worldwide*, 2018 WL

3388299 at *2 (travel); *Corbis Corp. v. Starr*, 2010 WL 11561862, at *10 (N.D. Ohio Sept. 3, 2010) (attorney travel, lodging, and food).

### h.  Facsimile Charges

Hacienda seeks $1,057.00 for facsimile charges. Claimants argue these charges are "outrageous;" however, facsimile costs are recoverable under § 505. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996) (citing *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991)).

### i.  Publication Charges

Hacienda seeks $3,519.00 for publication charges paid to the U.S. Copyright Office for copyright publications. The Court finds this to be a reasonable and necessary expense.

### j.  Service Company Charges

Hacienda seeks $303.10 for "service company charges" paid to a third party for a CD Master. The Court finds this to be a reasonable and necessary expense.

### k.  Other Charges

Hacienda seeks $3,394.64 for "other" charges. This includes $3,352.00 paid to the U.S. Copyright Office for copyright deposits, retrieval, copies, and certifications, plus $42.64 paid to a third party vendor for thumb drives. The Court finds these to be reasonable and necessary expenses.

### 3. Approved Costs

The Court approves costs of $58,026.60 incurred in the district court and $74.55 on appeal. $57,293.62 is assessed against all Claimants and Attorney Showalter, jointly and severally; $732.98 is assessed against Ramos, Serrata, Guerrero, and Attorney Showalter, jointly and severally; and $74.55 is assessed against Ramos, Serrata, Guerrero, Salcedo, Guanajuato, and Attorney Showalter, jointly and severally.

The Court previously divided this litigation into four phases. *See* Part III.B.4, *supra.* Phase One costs ($56,605.49) are attributable to all Claimants and Attorney Showalter. Phase Two costs ($732.98) are attributable to Performer Claimants and Attorney Showalter. Phase Three costs ($688.13) are attributable to all Claimants and Attorney Showalter. Phase Four costs ($74.55) are attributable to Appellants and Attorney Showalter.

## IV. Injunctive Relief

Finally, Hacienda moves the Court to enjoin Claimants, Attorney Showalter, and the Showalter Law Firm (and any lawyers working in collaboration or affiliation with Showalter) from filing further lawsuits against any Hacienda entities without first obtaining leave of this Court. Hacienda asks that any such request for leave—and any complaint, should leave be granted—be filed in this Court only and include a sworn statement and evidence of the following:

> (1) a certified copy of the U.S. Copyright Registration and U.S. Copyright Deposit to the work in question;

(2) a copy of the Hacienda product containing the Hacienda sound recording in question;

(3) a comparison of the certified copies of the U.S. Copyright Registration and U.S. Copyright Deposit of the work in question with the Hacienda sound recording, and confirmation Hacienda has in fact used the exact work registered and deposited with the U.S. Copyright Office;

(4) identification of any other U.S. Copyright Registrations to a work by the same title, but which name a different author, owner or claimant, and informing the Court of such other registrations, including the registration number, title, contents, author, owner, claimant, year of completion, date of first publication, and date of registration;

(5) whether Hacienda had published or released its sound recording in question prior to three months of the date of the registration of the work in question (such determination may be made by reference to the date on the Copyright Notice affixed to the Hacienda product in question); and

(6) certification that a copy of any such motion for leave, including all evidence and exhibits (including color copies and audio files), was contemporaneously hand-delivered to Hacienda's undersigned lead counsel.

The Court finds that the award of attorneys' fees and costs is sufficient to deter Claimants and Attorney Showalter from prosecuting similar unsupported claims in the future. Accordingly, Hacienda's request for injunctive relief is **DENIED**.

## V. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** Hacienda's motions for attorneys' fees and costs (D.E. 222, 251) and awards attorneys' fees in the amount of $236,544.50 and costs in the amount of $58,101.15. This award is segregated as follows: $206,922.12 is assessed against all Claimants and Attorney Showalter, jointly

and severally; $28,162.98 is assessed against Ramos, Serrata, Guerrero, and Attorney

Showalter, jointly and severally; and $59,560.55 is assessed against Ramos, Serrata,

Guerrero, Salcedo, Guanajuato, and Attorney Showalter, jointly and severally.

ORDERED this 3rd day of January, 2019.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE